UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORA J. STEVENS, <br>         Plaintiff, <br> v. <br> NANCY A. BERRYHILL, <br>         Defendant. | Case No.17-cv-03623-JSC <br><br> **ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE** <br><br> Re: Dkt. No. 22 |

Plaintiff Lora J. Stevens seeks social security benefits under Title II and Title XVI based on her major depressive disorder and generalized anxiety disorder. (Administrative Record ("AR") 28, 30.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her benefits claim. Plaintiff and the Commissioner's motions for summary judgment are pending before the Court.[1] For the reasons set forth below, the Court STRIKES Plaintiff's motion for summary judgment and ORDERS Plaintiff's counsel Steven Rosales to SHOW CAUSE.

Plaintiff's motion for summary judgment raises a single issue arguing that the Administrative Law Judge ("ALJ") "failed to articulate specific and legitimate reason[s] much less clear and convincing reasons in rejecting Steven's credible testimony."[2] (Dkt. No. 22 at 3:21-24.) The brief, however, consists of boilerplate language and arguments including that the ALJ offered "woefully insufficient reasons to reject the testimony" (*Id*. at 5:12); that "the ALJ simply sets forth

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 & 11.)

[2] A few lines earlier, Plaintiff indicates that the issue is whether "the ALJ committed reversible error by improperly considering the examining medical opinions." (Dkt. No. 22 at 3:16-17.) However, this is the only reference to the medical evidence and the rest of the brief refers to the credibility determination. The Court thus assumes this is a cut and paste error from another brief.

the oft rejected boilerplate language numerous courts have rejected as boilerplate" (*Id*. at 6:5-6); that the ALJ simply rejects the testimony because it lacks support in the objective evidence which "is always legally inconsistent" (*Id*. at 6:19-24); and that the ALJ erroneously rejected her testimony because it was "conservative in nature" (*Id*. at 8:9). According to the Commissioner, Plaintiff's counsel has filed "countless other briefs" with this same boilerplate language and arguments. (Dkt. No. 25 at 3:19-26.) The Court has reviewed the dockets of other cases filed by Mr. Rosales in this District and notes that the brief he filed in this case is nearly identical to that he filed in *Rosales v. Berryhill*, No. 17-823 SK, Dkt. No. 21 (N.D. Cal. Sept. 11, 2017). In fact, the erroneous record citation to a male plaintiff with substance abuse issues in Plaintiff's brief here is taken from the *Rosales* case. *Compare* Dkt. No. 22 at 7:19-22 *with Rosales*, Dkt. No. 21 at 7:22-24. The few portions of the brief in this case which are not the same as the brief in *Rosales* are nearly identical to the brief in *Simmons v. Berryhill*, No. 16-4435 JCS, Dkt. No. 23 (N.D. Cal. June 30, 2017). *Compare* Dkt. No. 22 at 9:1-10:2 *with Simmons*, Dkt. No. 23 at 9:3-10:5. *See also Walsh v. Colvin*, No. 15-2737 KAW, Dkt. No. 29 (N.D. Cal. Sept. 14, 2016) (similar boilerplate motion for summary judgment).

It does not appear that counsel's filing of boilerplate briefs raising this single identical issue is limited to this District. While the Court cannot access the briefs filed in other courts, a review of decisions where Mr. Rosales is counsel of record shows that this is frequently the single issue raised often with the same boilerplate arguments. *See, e.g.*, *Gallegos v. Berryhill*, No. 1:17-CV-0227 - JLT, 2018 WL 3917976, at *11-14 (E.D. Cal. Aug. 15, 2018) (raising adverse credibility finding and challenging the ALJ's "use of boilerplate language," reliance on the objective medical evidence, and plaintiff's conservative treatment); *Johnson v. Berryhill*, No. 17-CV-1647 DMS (KSC), 2018 WL 3832874, at *4 (S.D. Cal. Aug. 10, 2018) (rejecting plaintiff's single argument that "the ALJ improperly discredited his subjective complaints solely on the basis that they were not supported by objective medical evidence"); *Olive v. Berryhill*, No. 17-1765 SS, 2018 WL 3807955, at *8 n.7 (C.D. Cal. Aug. 8, 2018) (noting that plaintiff argued that "the ALJ simply sets forth the oft rejected boilerplate language numerous courts have rejected as boilerplate"); *Duarte v. Berryhill*, No. 16CV2654 W (BGS), 2018 WL 785819, at *7 (S.D. Cal.

Feb. 8, 2018), report and recommendation adopted, No. 16-CV-2654 W (BGS), 2018 WL 1108783 (S.D. Cal. Mar. 1, 2018) (challenging the ALJ's adverse credibility finding including the ALJ's use of "boilerplate language," reliance on Plaintiff's conservative treatment, and failure to comply with mental health treatment); *Rios v. Colvin*, No. 1:14-CV-01432-SKO, 2016 WL 269275, at *6 (E.D. Cal. Jan. 22, 2016) ( challenging the ALJ's rejection of "Plaintiff's testimony based on impermissible boilerplate language, a lack of objective medical evidence, a history of conservative medical care, stability on prescribed medications, and daily activities that were 'not limited to the ext[e]nt the ALJ expects.'").[3]

Accordingly, the Court STRIKES Plaintiff's motion for summary judgment as boilerplate and not based upon the evidentiary record in this case. Further, Plaintiff's counsel Mr. Rosales is ORDERED TO SHOW CAUSE in writing why he should not be sanctioned and/or referred to the Northern District of California's Standing Committee on Professional Conduct as well as the State Bar for: (1) filing boilerplate briefs, (2) lacking familiarity with the evidentiary record in this action, and (3) failing to raise issues which actually relate to this case including those raised by Plaintiff's former counsel in the brief to the Appeals Council (*see* AR 19-21). Mr. Rosales shall file a written response to this Order by September 25, 2018 and shall appear in person at a Show Cause Hearing on October 11, 2018 at 9:00 a.m. Mr. Rosales's written response shall attach copies of the briefs he filed in the cases in Eastern, Southern, and Central District Courts cited above. On or before October 9, 2018, the Commissioner may—but is not required to—file a response to Mr. Rosales' response to the Order to Show Cause.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is STRICKEN. (Dkt. No. 22.) **Mr. Rosales is ORDERED TO SHOW CAUSE in writing by September 25, 2018 and appear in person at a show cause hearing on October 11, 2018 at 9:00 a.m. in**

---

[3] These are just a handful of examples. Mr. Rosales is listed as counsel of record in 61 cases in this District, 1330 cases in the Central District of California, 359 cases in the Eastern District of California, and 67 cases in the Southern District of California. While many of these cases are closed, he still has open cases pending in each court including nearly 40 in the Central District of California.

3

**Courtroom F, 450 Golden Gate Ave., San Francisco, California.**

The Court will set a new summary judgment briefing schedule upon disposition of this Order to Show Cause.

**IT IS SO ORDERED.**

Dated: September 17, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge